22-3178(L)
*United States v. McCrone*

# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2025

(Submitted: March 19, 2026     Decided: July 21, 2026)

Docket Nos. 22-3178 (Lead), 22-3204 (Con)

UNITED STATES OF AMERICA,

*Appellee,*

–v.–

DAVID MCCRONE, PEDRO CHINNERY,

*Defendants-Appellants,*

JERMAINE LIGHTFOOT, STAN JONES, JASON BRANDT, AKA SEALED DEFENDANT 1,

*Defendants.* [*]

Before:     WALKER, LEE, AND ROBINSON, *Circuit Judges.*

Defendants-Appellants David McCrone and Pedro Chinnery appeal from a final judgment entered in the United States District Court for the

---

[*] The Clerk's office is respectfully directed to amend the caption as reflected above.

Southern District of New York (Seibel, *J.*) following their guilty pleas to conspiring to distribute and possess with intent to distribute narcotics under 21 U.S.C. §§ 846 and 841(b)(1)(B). They challenge conditions of supervised release imposed by the district court as part of their respective sentences. In particular, both McCrone and Chinnery challenge the electronic search condition. McCrone also challenges the portion of the mental health treatment condition requiring him to continue to take prescribed medications unless otherwise instructed by his health care provider. They argue that those conditions were improperly imposed without individualized assessment and explanation.

We agree in part. The record supports the search condition for each defendant, even in the absence of an express individualized analysis by the district court. But it does not support the requirement within McCrone's mental health treatment condition that he continue to take prescribed medications unless otherwise instructed. As a result, we AFFIRM in part, REVERSE in part and REMAND for the district court to strike the unsupported portion of the mental health treatment condition.

---

Brendan White, White & White, New York, NY, *for Defendant-Appellant David McCrone*.

Benjamin Gruenstein, Joseph B. Linfield, Martin Rather, Cravath, Swaine & Moore LLP, New York, NY, *for Defendant-Appellant Pedro Chinnery*.

Jeffrey C. Coffman, Timothy Josiah Pertz, Michael D. Maimin, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY, *for Appellee.*

---

2

ROBINSON, *Circuit Judge*:

Defendants-Appellants David McCrone and Pedro Chinnery appeal from a final judgment entered in the United States District Court for the Southern District of New York (Seibel, *J.*) following their guilty pleas to conspiring to distribute and possess with intent to distribute narcotics under 21 U.S.C. §§ 846 and 841(b)(1)(B). They challenge conditions of supervised release imposed by the district court as part of their respective sentences. In particular, both McCrone and Chinnery challenge the electronic search condition. McCrone also challenges the portion of the mental health treatment condition requiring him to continue to take prescribed medications unless otherwise instructed by his health care provider. They argue that those conditions were improperly imposed without individualized assessment and explanation.

We agree in part. The record supports the search condition for each defendant, even in the absence of an express individualized analysis by the district court. But it does not support the requirement within McCrone's mental health treatment condition that he continue to take prescribed medications unless otherwise instructed. As a result, we AFFIRM in part, REVERSE in part and REMAND for the district court to strike the unsupported provision within the mental health treatment condition.

3

## BACKGROUND

Both McCrone and Chinnery were apprehended as part of a larger narcotics trafficking operation, for which they served as dealers. Their arrests were the result of an investigation by the FBI that included physical observation, review of phone records, intercepted wire and electronic communications, and controlled purchases of narcotics.

After their arrests, McCrone and Chinnery were each charged with one count of conspiring to distribute and possess with intent to distribute narcotics under 21 U.S.C. §§ 846 and 841(b)(1)(A). Both pled guilty to the lesser included offense of 21 U.S.C. § 841(b)(1)(B).

### I.     McCrone

At McCrone's sentencing, his counsel discussed McCrone's history of unresolved trauma that resulted in his struggling with substance abuse issues. In his own statement, McCrone described his history of abuse by family members and his reliance on drugs to escape, and he explained that he now wanted to break the cycle and seek treatment. Counsel also submitted the report of a clinical psychologist, Dr. Pearson, who made certain mental-health diagnoses and recommended therapy, substance abuse treatment and further evaluations.

4

McCrone's counsel explained to the court that McCrone was ready for a change and argued that a significant term of imprisonment would only impede his progress. Instead, counsel argued that what he needed was treatment and rehabilitation that would allow him to heal and move forward by addressing the root causes of his behavior. To that end, counsel asked the court to recommend that McCrone be enrolled in substance abuse and mental health treatment programs while incarcerated.

The court reviewed the applicable Guidelines calculation and then discussed the relevant 18 U.S.C. § 3553(a) factors, including the nature of the offense, which involved distribution of large quantities of methamphetamine. Considering the history of abuse McCrone experienced, the court observed that it was unsurprising that McCrone turned to drugs and alcohol at a young age. The court agreed with counsel's argument that McCrone needed mental health treatment to change. Noting additional mitigating factors, the court acknowledged that McCrone had numerous health issues. The court also acknowledged McCrone's lengthy criminal history, which again appeared linked to his substance abuse. The court ultimately imposed a below-Guidelines sentence of 102 months' incarceration followed by five years' supervised release.

The court pronounced the mandatory and standard conditions of release and imposed four special conditions requiring McCrone to: participate in an outpatient substance abuse treatment program, participate in an outpatient mental health treatment program, provide access to his financial information, and submit to search of his electronic devices and communications.

The first requirement challenged on appeal, embedded within the mental health condition, states as follows:

> You must participate in an outpatient mental health treatment program approved by the United States Probation Office. *You must continue to take any prescribed medications unless otherwise instructed by the health care provider.* You must contribute to the cost of services rendered based on your ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report and Defendant's sentencing submissions, to the health care provider.

McCrone App'x 86 (challenged portion emphasized).

The second challenged condition, the electronic search condition, requires McCrone to submit his electronic devices and communications to search by the probation office and law enforcement upon "reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct" by McCrone. *Id.*

McCrone's counsel did not object to the conditions or any other aspect of the sentence.

## II.     Chinnery

At Chinnery's sentencing, his counsel acknowledged the seriousness of the offense and noted Chinnery's history of addiction. Counsel argued that Chinnery was not a violent person and was not a true manager within the trafficking operation. Counsel noted that Chinnery had a difficult childhood, which led to Chinnery developing substance abuse issues. Despite those circumstances, counsel explained that Chinnery has been a caring parental figure. Counsel also noted Chinnery's age and the poor conditions of confinement during his pre-trial imprisonment. In his own statement, Chinnery expressed his remorse for his actions and his hope to support his community upon his release.

After describing the Guidelines calculation, the court discussed the § 3553(a) factors, starting with the nature and circumstances of the offense and Chinnery's role in the operation—which included coordinating the actions of others and using threatening debt collection methods. The court described Chinnery's history, including his criminal history and difficult childhood, and noted that he has been an admirable father figure. The court recognized Chinnery's addiction issues, spotty work history, and prior failed treatment attempts, as well as his current

7

advanced age. The court ultimately imposed a below-Guidelines, 132-month term of imprisonment, to be followed by four years' supervised release.

The court pronounced the mandatory and standard conditions of supervised release and three special conditions requiring that Chinnery: participate in an outpatient substance abuse treatment program, participate in an anger management program, and submit his electronic devices and communications to searches pursuant to a condition identical to that imposed on McCrone. Chinnery's counsel did not object to the conditions or other aspects of the sentence.

**DISCUSSION**

We generally review the imposition of conditions of supervised release for abuse of discretion. *United States v. McAdam*, 165 F.4th 688, 695 (2d Cir. 2026). But "plain error review applies when a defendant had a meaningful opportunity to make objections and failed to raise them before the district court at sentencing." *Id.* at 698.[1] Here, the special conditions now challenged on appeal were included in each defendant's presentence report ("PSR"), the court confirmed with each Defendant that he had reviewed his PSR with counsel, and the court read aloud

---

[1] In quotations from caselaw, this opinion omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

8

the full text of each condition at sentencing before providing an opportunity to object. Because neither defendant objected, plain error review applies.

To show plain error, a party must demonstrate "(1) an error, (2) that is plain and (3) that affects substantial rights." *Id.* at 699. Where those conditions are met, we may "exercise our discretion to correct the error, but only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* "A sentencing court's failure to explain its rationale for imposing a special condition is plain error where it is not obvious from the record why such a condition was reasonably necessary." *Id.*

In recent decisions we have clarified the requirements surrounding the imposition of discretionary conditions of supervised release. In particular, we have held that non-mandatory conditions, including the "standard" Guidelines-recommended conditions, must be pronounced at sentencing if they are to be properly imposed in the written judgment. *United States v. Maiorana*, 153 F.4th 306, 313–14 (2d Cir. 2025) (en banc). In addition to oral pronouncement, we have held that in imposing discretionary conditions (that is, conditions that are not statutorily mandated), the court must conduct an individualized assessment. *McAdam*, 165 F.4th at 696–97.

Specifically, "For the imposition of special conditions of supervised release to be procedurally reasonable, a district court must make an individualized assessment and state on the record the reason for imposing the condition." *United States v. Robinson*, 134 F.4th 104, 111 (2d Cir. 2025). This requires that a district court "make findings specific to the defendant, connecting those findings to the applicable § 3553(a) factors that would justify including the special condition." *United States v. Jimenez*, 175 F.4th 341, 349 (2d Cir. 2026). Courts "must also consider how a special condition will impact any cognizable liberty interests," and if it will, the condition "must be supported by particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing." *Id.* If a court fails to conduct this individualized assessment at sentencing, a special condition may nevertheless be upheld if the court's reasoning "is self-evident in the record, and the condition is reasonably related to the sentencing objectives." *McAdam*, 165 F.4th at 697.

In addition, a condition must be substantively reasonable. Substantive reasonableness considers whether "the district court's exercise of its discretion can be located within the range of permissible decisions." *United States v. Sims*, 92 F.4th 115, 122 (2d Cir. 2024). Among other things, a court's explanation for imposing a special condition "must be adequately supported by the record." *Id.* at 124. And,

as relevant here, a condition must be reasonably related to the factors set forth in § 3553(a)(1) and (a)(2)(B)-(D), and it must involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)(2)(B)-(D). 18 U.S.C. § 3583(d).

With these standards in mind, we consider McCrone's and Chinnery's specific challenges.

### I. Electronic Search Conditions

Both McCrone and Chinnery argue that the electronic search condition imposed on each of them was imposed without the required individualized assessment and is not supported by reasons that are self-evident in the record. We disagree. The court did err by failing to conduct an individualized assessment. But in each case the reason for the condition is self-evident from the record, and the condition is reasonably related to the sentencing objectives.

McCrone and Chinnery each used electronic devices as instrumentalities of their crimes. The record reflects that both Defendants sent and received numerous text messages and telephone calls related to the narcotics operation. Specifically, Chinnery participated in phone calls discussing narcotics transactions, the use of couriers to transport narcotics, and how to evade law enforcement scrutiny of phone calls. Chinnery also telephonically discussed collecting various drug debts

by violent means. McCrone participated in numerous phone calls related to narcotics transactions and the use of couriers to transport narcotics, as well as to relay to others in the operation the fact that some of McCrone's customers reported dissatisfaction with the narcotics' purity. Significantly, both Defendants committed these crimes while under parole or probation supervision for a previous offense.

"[W]here electronic devices were instrumentalized in the commission of the instant offense conduct and surrounding circumstances, we have regularly held that an electronic search condition is permissible." *Jimenez*, 175 F.4th at 351. McCrone and Chinnery both used electronic devices to facilitate their offenses and so the electronic search condition "connects directly to the nature and circumstances of the offense at issue." *Id.* Moreover, both McCrone and Chinnery committed these crimes while under post-release supervision from a prior crime, which, although insufficient alone to provide support for the condition, is one indicator that "the defendant posed a high risk of reoffending during the term of supervised release or else of evading supervision altogether." *Id.* at 352. The electronic search condition is therefore sufficiently justified by the record and is related to permissible sentencing objectives in both cases.

## II.     Medication Condition

The same is not true for the medication requirement embedded in McCrone's mental health treatment condition.  We emphasize that our review is limited to the medication requirement, not the mental health treatment condition as a whole.  The court acknowledged McCrone's self-reported mental health struggles and agreed with his counsel that mental health treatment was warranted.[2]  But the specific terms of the condition imposed are not merely that McCrone must participate in mental health treatment—treatment that we agree is amply justified by the record.  Instead, the court also required that he "continue to take any prescribed medications unless otherwise instructed by the health care provider."  McCrone App'x 86.

The district court provided no individualized explanation of the medication requirement, its rationale is not self-evident from the record, and, in fact, we see

---

[2] The government argues that McCrone has waived any argument about the medication condition because his counsel requested that McCrone receive mental health treatment.  But McCrone and his counsel made no request regarding medication—only that he receive treatment more generally—and the report of Dr. Pearson at most suggests that McCrone would benefit from therapy but that further evaluation would be needed to determine whether any medication-based intervention may be appropriate to address certain symptoms.  The report does not itself include an opinion on whether medication is warranted or request that McCrone be medicated, did not suggest that McCrone's offense arose from a mental illness or that medication was important to his rehabilitation, did not suggest that McCrone was incompetent to make his own decisions regarding whether to take prescribed medications, and did not indicate that absent medication McCrone would be a danger to himself or others.

nothing in the record that could support this medication requirement. In reaching this conclusion, we consider the liberty interest implicated as well as the absence of any record evidence suggesting that any particular medications played a role in McCrone's offense or are reasonably related to his rehabilitation. Our conclusion is bolstered by similar decisions from sister circuits.

*A. The Condition Substantially Burdens McCrone's Liberty.*

The challenged medication requirement potentially imposes a substantial burden on McCrone's liberty. For one thing, the breadth and intrusion of this condition is striking. It purportedly applies to *any* prescribed medication, without qualification as to the type of medication, the purpose for which it is prescribed, the side effects it may cause, the availability of more effective alternatives or the financial cost to McCrone of continuing to take the medication. And, subject to McCrone's opportunity to ask the court to modify the condition, it leaves McCrone to choose between complying with his prescribing physician's unfettered discretion and subjecting himself to the consequences of a violation of his supervised release conditions.

Putting McCrone to this choice impacts a substantial liberty interest. In the context of *forced* medication against an individual's will, the Supreme Court has long acknowledged that there is a liberty interest in refusing unwanted medical

14

treatment. *See, e.g., Washington v. Harper*, 494 U.S. 210, 221–23, 227 (1990) (explaining that an inmate has a "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs," with the extent of that interest "defined in the context of the inmate's confinement," and an inmate can be involuntarily medicated only upon a showing that "the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest"); *Sell v. United States*, 539 U.S. 166, 178–79 (2003) (reaffirming that "an individual has a significant constitutionally protected liberty interest in avoiding the unwanted administration of [mental health medication]").

The context here is different—the condition does not authorize authorities to *involuntarily* medicate McCrone; rather, it requires McCrone to take medication as prescribed on penalty of court-imposed consequences. But by subjecting McCrone to the possibility of further restraints on his liberty if he fails to continue taking whatever medications he is already taking, regardless of whether he wants to take the medications, the condition likewise implicates a substantial liberty interest.[3]

---

[3] We resolve this question on statutory grounds and do not address any constitutional questions. *Cf. United States v. Malone*, 937 F.3d 1325, 1329 (10th Cir. 2019) ("When 'stock' special conditions are proposed and the defendant does not object, it is easy to overlook the constitutional implications at stake. But even when the defendant does not object, the district court must ensure that its conditions conform to the Constitution.").

   *B. The Record Offers No Support for the Condition.*

We see no basis in the record for this imposition on McCrone's liberty. The record indicates that McCrone has several chronic physical conditions for which he takes prescription medications. There is no evidence that any of these conditions had any bearing on McCrone's offense conduct or are pertinent to his rehabilitation.

As to mental health conditions, McCrone has no history of prior treatment and there is no indication that he has ever been prescribed medications for a mental health condition. The Presentence Report suggests that McCrone may suffer from depression, but it says nothing to suggest that McCrone currently takes any medications for that or any other mental health condition, or even that he expects to commence any medication. Dr. Pearson's report includes several psychological diagnoses but likewise says nothing about any medication recommendation.

Moreover, nothing in the record suggests that McCrone has any history of not taking medications as prescribed. Nothing suggests that he is not competent to make his own decisions regarding prescription medications, or that he poses a danger to himself or others due to an unmedicated condition. And nothing suggests that McCrone needs medication—and not other, less invasive forms of

mental health or substance abuse treatment—to address the court's concerns that some kind of mental health intervention was needed to break his cycle of recidivism.

Given this record, it cannot be said that this condition is reasonably related to any of the sentencing goals or that those goals could not have been accomplished by a condition imposing a lesser deprivation of liberty.

### C. Sister Circuits Agree.

Sister circuits have rejected required medication conditions in similar circumstances. In *United States v. Malone*, the Tenth Circuit vacated a provision in a "stock" mental health treatment condition that required the defendant to "take prescribed medication as directed" by mental health staff or a treating physician. 937 F.3d 1325, 1326, 1328 (10th Cir. 2019). Reviewing for plain error, the Court explained that "a defendant on supervised release has a significant interest in avoiding the involuntary administration of psychotropic drugs." *Id.* at 1327–28. The Court declined to adopt a narrowing construction of the condition given its unambiguous wording, and it held that "this condition, on its face, is an impermissible infringement into a defendant's significant liberty interests" that needed to be supported by particularized findings. *Id.* at 1328. The district court had not made such findings, and the record before the district court indicated only

that the defendant had anxiety and depression and was hesitant to take medication because he didn't want to feel "tranquilized." *Id.* Nothing connected that evidence to a need to require the defendant to take medication. *Id.* at 1328–29. The Court doubted that on this record the district court could have found "compelling circumstances" that would justify the imposition on the defendant's liberty, and it ordered that the offending language be stricken from the condition. *Id.* at 1328–29.

In *United States v. Williams*, 356 F.3d 1045 (9th Cir. 2004), the Ninth Circuit vacated a condition requiring the defendant to take psychotropic and other medications as prescribed for his mental illness. Even though the defendant's offense was related to his mental health condition, and even though he had a history of refusing psychiatric treatment, the Court concluded that the condition was improperly imposed because the district court did not address whether the condition applied "no greater deprivation of liberty than is reasonably necessary." *Id.* at 1053. In so concluding, the Court emphasized "the high magnitude" of the defendant's liberty interest in avoiding mandatory use of antipsychotic medication, as well as "the absence at sentencing of any explicit medically-based finding." *Id.*

It summed up its holding by stating that before imposing a mandatory medication condition the district court "must make on-the-record, medically-grounded findings that court-ordered medication is necessary to accomplish one or more of the factors listed in § 3583(d)(1)," as well as "an explicit finding on the record that the condition 'involves no greater deprivation of liberty than is reasonably necessary.'" *Id.* at 1057 (citing 18 U.S.C. § 3583(d)(2)).

We agree. Here, the medication requirement can only stand if the district court makes a medically grounded finding that the condition is "necessary to accomplish one or more of the factors listed in § 3583(d)(1)," *id.*, as well as a finding that the condition "involves no greater deprivation of liberty than is reasonably necessary," 18 U.S.C. § 3583(d)(2). The district court made no such findings, and we see nothing in the record that could support such findings.[4]

---

[4] Pointing to a series of this Court's summary orders, the government contends that we routinely uphold similar medication conditions when challenged. Setting aside that the orders the government cites are non-precedential, nearly all of them focus on other issues, such as the ripeness of the challenge or whether the written condition improperly deviated from the oral pronouncement. The only one that squarely addresses an argument that the medication condition unduly burdened a defendant's liberty interest in avoiding mandated medical treatment recognized the arguable overbreadth of the condition and narrowed it considerably. *See United States v. Schloss*, No. 22-3111-CR, 2025 WL 2814700, at *3 (2d Cir. Oct. 3, 2025) (summary order).

## CONCLUSION

For these reasons, we **AFFIRM** in part, **REVERSE** in part and **REMAND** with instructions to the district court to strike the medication requirement provision within the mental health treatment condition.